NUMBER 13-06-645-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN THE MATTER OF R.R.F., A JUVENILE

 


On appeal from the 332nd District Court 

of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza and Vela


Memorandum Opinion by Justice Vela


 Appellant, R.R.F., a juvenile, appeals from the trial court's order committing him to
the care, custody, and control of the Texas Youth Commission. By a single issue, R.R.F.
argues that the trial court violated his rights to due process and equal protection
guaranteed by the United States and Texas Constitutions by not properly admonishing him
pursuant to the Texas Family Code. See U.S. Const. amend. XIV; Tex. Const. art. 1, §
19. We affirm.

 The State charged R.R.F. with two counts of aggravated sexual assault of a
disabled person. At trial, R.R.F. waived his right to have a jury consider the allegations and
entered a plea of "not true" to the allegations. At the conclusion of a bench trial, the court
found that R.R.F. had committed the offenses alleged in the State's petition. At the
conclusion of the disposition hearing that followed, the court ordered that R.R.F. be
committed to the Texas Youth Commission for an indeterminate period not to exceed his
twenty-first birthday.

 By his sole issue, R.R.F. contends that the trial court erred by failing to give the
proper admonishments pursuant to section 54.03(b) of the Texas Family Code. Tex. Fam.
Code Ann. § 54.03(b) (Vernon Supp. 2007). That section provides:

 (b) At the beginning of the adjudication hearing, the juvenile court judge shall
explain to the child and his parent, guardian, or guardian ad litem:


 (1) the allegations made against the child;

 

 (2) the nature and possible consequences of the proceedings,
including the law relating to the admissibility of the record of a juvenile
court adjudication in a criminal proceeding;


 (3) the child's privilege against self-incrimination;

 

 (4) the child's right to trial and to confrontation of witnesses;

 

 (5) the child's right to representation by an attorney if he is not 

 already represented; and


 (6) the child's right to trial by jury.


Id. 


 Although the record reflects that the trial court inquired whether the child was aware
of the alleged charges against him and advised him of his right to trial by jury, the record
also reflects that R.R.F. is correct that the trial court did not advise him of the remaining
requirements of section 54.03(b). See id. Instead, after the plea of "not true" was entered,
the court immediately began to hear testimony at trial. The State concedes in its brief that
the trial court did not properly give R.R.F. all of the statutorily required admonishments, but
points to section 54.03(i) of the Texas Family Code, which provides:

 (i) In order to preserve for appellate or collateral review the failure of the
court to provide the child the explanation required by subsection (b), the
attorney for the child must comply with Rule 33.1, Texas Rules of Appellate
Procedure, before testimony begins, or if the adjudication is uncontested,
before the child pleads to the petition or agrees to a stipulation of evidence.


Id., § 54.03(i). 

 

 Rule 33.1 of the Texas Rules of Appellate Procedure entitled "Preservation of
Appellate Complaints" requires, as a prerequisite for presenting a complaint for appellate
review, the record must show that:

 (1) the complaint was made to the trial court by a timely request, objection,
or motion that:

 

 (A) stated the grounds for the ruling that the complaining party sought
from the trial court with sufficient specificity to make the trial court
aware of the complaint, unless the specific grounds were apparent
from the context; and


 (B) complied with the requirements of the Texas Rules of Civil or
Criminal Evidence or the Texas Rules of Civil or Appellate Procedure;
and 


 (2) the trial court:


 (A) ruled on the request, objection, or motion either expressly or
implicitly; or


 (B) refused to rule on the request, objection, or motion, and the
complaining party objected to the refusal.


Tex. R. App. P. 33.1.


 Because the record reflects that no objection was made to the trial court's failure to
give R.R.F. his statutory admonishments, we hold that he has not properly preserved this
complaint for appellate review. We overrule the issue and, accordingly, affirm the trial
court's judgment.

 

 

 ROSE VELA

 Justice


Memorandum Opinion delivered and 

filed this 10th day of January, 2008.